### STEER vs. HEAD.

Facts and circumstances upon which defendant was allowed to come in and defend after default, by reason of not having sworn to the truth of his plea.

*Motion to set aside default and subsequent proceedings for irregularity.* Defendant's facts: this is an action of debt on bond. Defendant claims the same to be paid, except about $32, which was tendered before suit brought. Defendant's attorney caused a plea to be served in time, according to the practice of this court. His clerk neglected to attach the affidavit of defendant, to verify the plea (which he had obtained), to the plea, at the time of service on said plaintiffs attorneys. One of plaintiff's attorneys informed the clerk of defendant's attorney that the plea was received by mail in due season; but there was no affidavit of the truth of the plea, nor any affidavit of merits served with said plea; that plaintiff's attorney did not return the plea, or inform defendant's attorney of any irregularity respecting it, but said he treated it as a nullity. The first knowledge defendant's attorney had of plaintiff's attorneys' intention to treat the plea as a nullity, was the service of a bill of costs, with notice of retaxation. Defendant's attorney offered to pay plaintiff's attorneys the costs of default and subsequent proceedings (rather than make a motion) to let the plea stand, and waited for an answer until it was too late to move at an earlier day, the plea having been served early in July last. Plaintiff's facts: accompanying the declaration served on defendant on the 1st June last, was a copy bond, with notice that said bond was the only cause of action in this cause. The time for pleading was extended, for defendant's attorneys' accommodation, until some time in July last. On the 8th July last, a letter was left by a person, a stranger to plaintiff's attorneys, in their office, who immediately left, before plaintiff's attorneys opened said letter. On opening the letter, it was found to be a blank envelope covering the pleas in said cause, consisting of two special pleas of tender, one concluding to the country, and the other with a verification, without any affidavit of merits, or of the truth of either. The next day, 9th of July, after said pleas were served, plaintiff's attorneys wrote to the clerk and law partner of defendant's attorney (believing defendant's attorney to be absent from home), and forwarded the same to him by mail, postage paid, stating in substance that plaintiff's attorneys could not accept said pleas, for the reason that no affidavit of the truth thereof accompanied the same. On the 15th July last plaintiff's attorneys entered default, and on the 18th perfected judgment. The clerk of the defendant's attorney stated to one of plaintiff's attorneys, that he received the letter addressed to him as

aforesaid. Plaintiff's attorney told him he had not, and could not inform defendant's attorney of the objection to the acceptance of said pleas, by reason of the absence of defendant's attorney, but supposed it sufficient to give him (the said clerk) the information. Plaintiff's attorney denies stating that the pleas were received by mail, for they were not. It [17 was the mail carrier that delivered them. Plaintiff's attorneys admit the offer of defendant's attorney to pay costs of default and subsequent proceedings, to have default waived, but he did not offer to verify the pleas or either of them by affidavit.

L. S. CHATFIELD, *Defts Atty.*          BOWNE AND CRIPPEN, *Plffs Atty.*

*Decision.*—Default and all subsequent proceedings set aside on payment of costs thereof, and of opposing motion, judgment to stand as security and cause referred.